UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RICARDO JOSE SUAREZ,

        Petitioner,        6:13-cv-2222-SU

        v.        FINDINGS AND RECOMMENDATION

STATE OF OREGON,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254 challenging an April 10, 2000, conviction for which he was sentenced to 30 days imprisonment and 18 months probation.

    A petition or motion for habeas corpus relief must be filed by a person who is "in custody" at the time of filing. See, 28 U.S.C. §§ 2241(c), 2254(a), 2255.; see also, Chacon v. Wood, 36 F.3rd 1459, 1462 (9th Cir. 1994) (habeas corpus

1 - ORDER

petition not moot based solely on petitioner's subsequent release from custody). The custody requirement is satisfied if an un-incarcerated petitioner is subject to restraints not shared by the public generally. See, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (release prior to service of sentence); Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (release on parole).

An expired or completely served sentence does not meet the in custody requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the petitioner is serving the second of consecutive sentences. See, Garlotte v. Fordice, 115 S.Ct. 1948, 1952 (1995) (consecutive sentences); Malenge v. Cook, 490 U.S. 488, 491-92 (1989)(per curiam) (basis for later enhancement).

The face of petitioner's petition indicated that the sentence challenged by petitioner in this proceeding has been completely served or has expired. Therefore, although petitioner is incarcerated and alleges that his current sentence was enhanced by the conviction he is challenging, he has not alleged that he is serving the second of consecutive sentences. Therefore, petitioner is not in custody for purposes of challenging the conviction he seeks to challenge in this proceeding.

By Order (#4) entered January 29, 2014, petitioner was

allowed 30 days to show cause in writing why this proceeding should not be dismissed on the ground that he is not in custody for purposes of 28 U.S.C. § 2254 and advised that failure to show cause as directed would result in the dismissal of this proceeding for failure to prosecute.

Petitioner did not file a response to the court's order to show cause.

Therefore, petitioner's Petition (#1) should be denied for lack of jurisdiction and for failure to prosecute. The Clerk of the Court should be directed to enter a judgment accordingly.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right

3 - ORDER

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal from an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.*

DATED this 25th day of July, 2014.

      /s/Patricia Sullivan
      Patricia Sullivan
      United States Magistrate Judge

4 - ORDER